943 So.2d 223 (2006)
BUCKEYE RETIREMENT CO., LLC., LTD., Appellant,
v.
NASSAU LAND & TRADING CO., INC. and Nassau Commodities, Inc., and Cargo-Link, Inc., and John A. Stubbs, an individual, and Darcy Elton Stubbs, Jr., an individual, and William H. Kavanaugh, an individual, and William H. Johnson, Jr., an individual, Appellees.
No. 1D06-2202.
District Court of Appeal of Florida, First District.
November 3, 2006.
Rehearing Denied November 30, 2006.
Jay S. Grife, Jacksonville, for Appellant.
Kelly B. Mathis of Kelly B. Mathis, P.A., Jacksonville, for Appellee William H. Kavanaugh and interested party Anne B. Kavanaugh.
PER CURIAM.
Appellant seeks review of a final order dissolving a writ of garnishment based on the conclusion that appellant had failed to rebut the presumption that the bank account garnished was intended by *224 appellee William H. Kavanaugh and his wife to be held as a tenancy by the entireties and that, therefore, the account was not subject to garnishment for a debt owed by Mr. Kavanaugh individually. Appellant concedes that Kavanaugh and his wife held the account as tenants by the entireties, urging that we address another issue not reached by the trial court. What appellant apparently fails to comprehend is that, having concluded that appellant had failed to prove that the account was not held by the entireties, it was unnecessary for the trial court to reach the other issue. Because appellant failed to rebut the presumption that the account was intended to be held by the entireties, the Kavanaughs were entitled to have the writ dissolved. See Beal Bank, SSB v. Almand & Assocs., 780 So.2d 45, 53 (Fla.2001) ("when property is held as a tenancy by the entireties, only the creditors of both the husband and wife, jointly, may attach the tenancy by the entireties property; the property is not divisible on behalf of one spouse alone, and therefore it cannot be reached to satisfy the obligation of only one spouse") (citations omitted). Accordingly, we affirm. Moreover, because this appeal is devoid of any arguable merit, we grant Kavanaugh's motion for attorneys' fees, made pursuant to section 57.105, Florida Statutes (2005). See Dunn v. Kean, 928 So.2d 383, 383 (Fla. 1st DCA 2006). We remand to the trial court, with directions that it determine the appropriate amount of fees to be awarded for Kavanaugh's lawyers' services in this appeal should the parties be unable to agree.
AFFIRMED and REMANDED, with directions.
WEBSTER, VAN NORTWICK, and PADOVANO, JJ., concur.